UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:_____

SEBASTIAN CRISTIAN TISSONE,

    Plaintiff,

v.

OSCO FOOD SERVICES, LLC
d/b/a JR. B,
a Florida Limited Liability Company, and
MARCOS BERTORELLO, individually,

    Defendants.
_____/

## COMPLAINT[1]

COMES NOW, Plaintiff, SEBASTIAN CRISTIAN TISSONE ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, OSCO FOOD SERVICES, LLC d/b/a JR. B and MARCOS BERTORELLO, individually (collectively "Defendants"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for breach of agreement, unpaid wages pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter the "FLSA").

2. Plaintiff was at all times relevant to this action, and continues to be, a resident in Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

---

[1] Plaintiff also has a claim under the Fair Minimum Wage Act, and will amend this Complaint to assert said claim once administrative requirements have been met.

3. Defendant, OSCO FOOD SERVICES, LLC d/b/a JR. B, is a Florida Profit Corporation having its principal place of business in Broward County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. Defendant, MARCOS BERTORELLO, is a corporate officer of, and exercised operational control over the activities of, corporate Defendants, OSCO FOOD SERVICES, LLC d/b/a JR. B.

5. This Honorable Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in Broward County, Florida because all of the actions that form the basis of this Complaint occurred within Broward County, Florida and payment was due in Broward County, Florida.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff was employed with Defendants from on or about April 4, 2018 to on or about May 13, 2019.

9. At all times material hereto, Plaintiff and Defendant were engaged in an agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

10. Plaintiff and Defendants engaged in a contract whereby Plaintiff would be paid $50,000.00 per year.

11. However, Plaintiff's pay for the year did not amount to the agreed upon number in the contract signed by the parties.

12. Consequently, Plaintiff was not paid at all for many hours worked for Defendants.

13. Specifically, Defendants claim they didn't have the money to pay Plaintiff at the time and that they would later pay Plaintiff the amount he is owed.

14. Nevertheless, Defendants never paid Plaintiff for the worked he performed and remain owing Plaintiff these wages as prescribed by the United Stated and the State of Florida.

15. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### Breach of Agreement Against
### OSCO FOOD SERVICES, LLC d/b/a JR. B

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

17. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

18. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

**WHEREFORE**, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit* Against
### OSCO FOOD SERVICES, LLC d/b/a JR. B

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

20. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

21. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

22. Defendant accepted Plaintiff's services to Defendant.

23. Defendant retains an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

24. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

**WHEREFORE**, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### *Unjust Enrichment Against*
### OSCO FOOD SERVICES, LLC d/b/a JR. B

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

26. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

27. Defendant has knowledge of the services performed and provided by Plaintiff.

28. Defendant voluntarily accepted the services performed and provided by Plaintiff.

29. Defendant unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

30. Plaintiff seeks damages for the value of the work performed to Defendant.

**WHEREFORE**, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

### COUNT IV
*Violation of FLSA / Minimum Wage Against*
*OSCO FOOD SERVICES, LLC d/b/a JR. B*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

32. During the course of Plaintiff's employment, Plaintiff was not properly compensated for many hours worked for Defendant.

33. Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed during the relevant time period.

34. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

35. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its

business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

36. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

37. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

38. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

39. As a direct result of Defendant's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages compensation for hours worked within the three (3) years prior to the filing of this complaint, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Wage & Hour Federal Statutory Violation Against MARCOS BERTORELLO*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

41. This action is brought by Plaintiff to recover from Defendant unpaid overtime and/or minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

42. At the times mentioned, Defendant had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of Plaintiff's employment (hire/fire), scheduled hours and/or rate of pay.

43. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

44. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

45. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant is an individual with operational control and is, thus, jointly and severally liable under the FSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage compensation for hours worked in excess of forty (40) weekly, with interest;

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a Trial by Jury, where applicable.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 5/30/19

Respectfully submitted,

**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:_____

**SEBASTIAN CRISTIAN TISSONE,**

    Plaintiff,

v.

**OSCO FOOD SERVICES, LLC
d/b/a JR. B,
a Florida Limited Liability Company, and
MARCOS BERTORELLO, individually,**

    Defendants.
_____/

**SUMMONS IN A CIVIL CASE**

**TO:** OSCO FOOD SERVICES, LLC d/b/a JR. B, through its Registered Agent:

    MARCOS BERTORELLO
    1948 HOLLYWOOD BOULEVARD
    HOLLYWOOD, FL 33020

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    ANTHONY M. GEORGES-PIERRE, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                            DATE

_____
(BY) DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO:_____

**SEBASTIAN CRISTIAN TISSONE,**

    **Plaintiff,**

v.

**OSCO FOOD SERVICES, LLC**
**d/b/a JR. B,**
**a Florida Limited Liability Company, and**
**MARCOS BERTORELLO, individually,**

    **Defendants.**
_____/

## SUMMONS IN A CIVIL CASE

**TO:** MARCOS BERTORELLO, through its Registered Agent:

    MARCOS BERTORELLO
    1948 HOLLYWOOD BOULEVARD
    HOLLYWOOD, FL 33020

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    ANTHONY M. GEORGES-PIERRE, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____                               
CLERK                                                     DATE

_____
(BY) DEPUTY CLERK