UNITED STATES DISTRICT COURT OF
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-61358-SMITH/VALLE

SEBASTIAN CRISTIAN
TISSONE,

    Plaintiff,

v.

OSCO FOOD SERVICES, LLC
a Florida Limited Company
d/b/a JR.B, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff's Amended Motion for Default Final Judgment (ECF No. 44) and Plaintiff's Amended Verified Motion for Attorneys' Fees and to Tax Costs (ECF No. 45) (together, the "Motions). United States District Judge Rodney Smith referred the Motions to the undersigned for a Report and Recommendation. (ECF No. 50). Upon review of the Motions, supporting declarations, and the record in this matter, the undersigned recommends that the Motions be **GRANTED**. More specifically, Plaintiff should be awarded: (i) $20,512.76 in damages against Defendants; (ii) $2,575 in reasonable attorney's fees; and (iii) $600 in costs; for a final judgment against Defendants and in favor of Plaintiff totaling $23,687.76.

### I.    BACKGROUND

On May 30, 2019, Plaintiff Sebastian Cristian Tissone filed a five-count Complaint under the Fair Labor Standards Act, as amended 29 U.S.C. § 201, *et seq.*, (the "FLSA") against Osco Food Services, LLC and Marcos Bertorello (together, "Defendants"). *See generally* (ECF No. 1). Plaintiff alleges that he was employed with Defendants from approximately April 4, 2018 to May

13, 2019. (ECF No. 1 ¶ 8). According to the Complaint, Plaintiff and Defendants had an agreement whereby Plaintiff would be employed by Defendants and would be paid $50,000 a year. (ECF No. 1 ¶¶ 9-10). Plaintiff further alleges that he was not paid for the hours worked and Defendants failed to pay him the amount due under the agreement between the parties. (ECF No. 1 ¶ 14). Based on these general allegations, Plaintiff's Complaint alleges: (i) breach of agreement (Count I); quantum meruit (Count II); unjust enrichment (Count III); and violation of FLSA/minimum wage (Count IV), all against the corporate Defendant Osco Food Services, LLC; and (ii) a wage and hour federal statutory violation against Defendant Bertorello (Count V). *See generally* (ECF No. 1). In Counts IV and V, Plaintiff specifically seeks damages for unpaid minimum wages, liquidated damages, and reasonable attorney's fees and costs (ECF No. 1 at 5-8).

The corporate Defendant was served on October 25, 2019 through the person in charge at 1948 Hollywood Boulevard, Hollywood, FL 33020. (ECF No. 28). The individual Defendant was served on November 20, 2019 at the same address. (ECF No. 34). Defendants failed to answer or otherwise respond to the Complaint and a Clerk's Default was entered on March 16, 2020. (ECF No. 36). The instant Motions followed seeking a default judgment on Counts IV (FLSA claim against the corporate Defendant) and Count V (FLSA claim against the individual Defendant). Defendants have again failed to respond. Accordingly, the discussion herein is limited to Counts IV and V as the remaining counts are not at issue in the Motions.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), this Court may enter a final judgment of default against a defendant who has failed to plead in response to a Complaint. A defaulting defendant admits the well-pleaded allegations in the Complaint. *See Eagle Hosp. Physicians, LLC*

*v. SRG Consulting*, *Inc.* 561 F.3d 1298, 1307 (11th Cir. 2009) (citation omitted); *Buchanan v. Bowman*, 820 F.2d 359, 361(11th Cir. 1987) (citation omitted); *DelValle v. All-State Prod., Inc.*, No. 10-20357-CIV, 2010 WL 11597179, at *1 (S.D. Fla. May 28, 2010) (granting default judgment in FLSA action based on well-plead complaint); *Cancienne v. Drain Master of S. Fla., Inc.*, No. 08-61123-CIV, 2008 WL 5111264, at *1 (S.D. Fla. Dec. 3, 2008) (citation omitted). Thus, by virtue of the default, Defendants have admitted all of the allegations in the Complaint. *SRG Consulting*, 561 F.3d at 1307 (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[1] and *Bowman*, 820 F.2d at 361). "A default judgment is unassailable on the merits" if it is supported by "well pleaded allegations." *Nishimatsu*, 515 F.2d at 1206.

In addition to the pleadings, a court may also rely on evidence such as affidavits and declarations to determine the appropriate damages resulting from a defendant's default. *See Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1263 (S.D. Fla. 2016). Lastly, before entering a default judgment, the Court must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment entered. *See Nishimatsu*, 515 F.2d at 1206.

### III.  DISCUSSION

**A. Jurisdiction and Venue**

This Court has jurisdiction over this matter pursuant to the FLSA, which forms the basis of Plaintiff's claims in Counts IV and V. *See* (ECF No. 1 at 5-8).[2] Plaintiff also sufficiently

---

[1] Pursuant to *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir.1981), all Fifth Circuit cases decided prior to September 30, 1981 are binding precedent.

[2] Plaintiff also alleges that the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. (ECF 1 ¶ 5). As noted above, however, the instant Motions focus only on Counts IV and V. Therefore, the state law claims are not at issue in this Report and Recommendation.

3

alleges venue in that he claims to reside in Broward County and to having been an employee for purposes of the FLSA. (ECF 1 ¶ 2).

### B. Plaintiffs' Complaint Adequately Alleges Claims for which Relief may be Granted

#### 1. FLSA/Minimum Wage Against Corporate Defendant (Count IV)

Under the FLSA, Plaintiff is entitled to be paid 1 1/2 times his regular rate of pay for all hours in excess of forty worked in a work week. *See* 29 U.S.C. § 207(a)(1). Plaintiff has the burden of proving the amount of damages to be awarded. *Bautista Hernandez v. Tadala's Nursery, Inc.*, 34 F. Supp. 3d 1229, 1241 (S.D. Fla. 2014). When the employer has violated his duty to keep adequate records, an employee may satisfy this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *DelValle*, 2010 WL 11597179, at *1 (citation omitted). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's prima facie case, the "court may award approximate damages based on the employee's evidence." *Id.*

Here, Plaintiff alleges that the corporate Defendant willfully violated the FLSA by failing to compensate Plaintiff at the federal minimum wage. Plaintiff also alleges that the corporate Defendant has gross annual revenue of more than $500,000 and is an enterprise engaged in commerce. (ECF No. 1 ¶¶ 36-37). In support of the instant Motions, Plaintiff declares that he was not paid for the first two months of his employment with Defendants (from approximately April 4, 2018 to June 4, 2018)[3] and is owed $8,333.32 in unliquidated damages for this period ($4,166.66 per month for 2 months). (ECF No. 44-1 ¶ 7). Plaintiff further declares that he was not paid for the last two weeks of employment (from approximately April 30, 2019 to May 13, 2019) and is

---

[3] The reference to June 2019 appears to be a typographical error.

4

owed $1,923.06 in unliquidated damages for this period. (ECF No. 44-1 ¶ 8). In total, Plaintiff claims $10,256.38 in unliquidated damages and the same amount in liquidated damages, for $20,512.76 in total damages. (ECF No. 44-1 ¶¶ 9-11).

Based on review of the Complaint and the record in this case, Plaintiff has sufficiently stated a claim for an FLSA violation. Accordingly, the undersigned recommends that Plaintiff's Motion be **GRANTED** as to Defendant Osco Food Services, LLC on Count IV.

*2. Wage and Hour Federal Statutory Violation Against Individual Defendant (Count V)*

In Count V against the individual Defendant, Plaintiff incorporates the factual allegations noted above, *see* Section I, supra, and further alleges that: (i) the individual Defendant was an employer with the meaning of the FLSA, had operational control of the business, had authority and/or power over the terms of Plaintiff's employment, and is jointly liable for Plaintiff's damages. (ECF No. 1 ¶¶ 42-44). Plaintiff further alleges that the individual Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by law. *Id.* ¶ 45. As noted above, Plaintiff has filed a declaration in support of the instant Motions in which he details the amount of alleged damages. (ECF No. 44-1).

Accordingly, based on a review of the record, Plaintiff has sufficiently stated a claim against Defendant Marcos Bertorello for an FLSA violation. Thus, the undersigned recommends that Plaintiff's Motion be **GRANTED** as to Defendant Marcos Bertorello on Count V.

*3. Damages Against Defendants*

Damages may be awarded where the record adequately reflects the basis for the award through detailed affidavits establishing the necessary facts. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). In assessing damages on the papers (without a hearing), it is appropriate for the Court to use "mathematical calculations." *Id.*

at 1543. Nonetheless, district courts have "wide discretion in assessing damages, which may be rewarded even where they are not susceptible to precise calculations." *Nutrivida, Inc. v. Inmuno Vital, Inc.*, 46 F. Supp. 2d 1310, 1315 (S.D. Fla. 1998) (citing *Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F.2d 1562, 1564-65 (11th Cir. 1986)). Here, Plaintiff declares that he was not paid for the first two months of his employment with Defendants (from approximately April 4, 2018 to June 4, 2018) and is owed $8,333.32 in unliquidated damages ($4,166.66 per month for 2 months). (ECF No. 44-1 ¶ 7). Plaintiff further declares that he was not paid for the last two weeks of his employment (from approximately April 30, 2019 to May 13, 2019) and is owed $1,923.06 in unliquidated damages. (ECF No. 44-1 ¶ 8). In sum, Plaintiff alleges $10,256.38 in unliquidated damages and the same amount in liquidated damages, totaling $20,512.76 in damages. (ECF No. 44-1 ¶¶ 9-11).

Based on a review of the record and the supporting declaration (ECF No. 44-1), the undersigned recommends that Plaintiff be awarded $20,512.76 in total damages on Counts IV and V against Defendants, jointly and severally.

### C. *Plaintiff's Amended Verified Motion for Attorneys' Fees and Costs*

As the prevailing party by default judgment, Plaintiff is entitled to an award of attorneys' fees and costs under the FLSA. *See* 29 U.S.C. § 216(b) ("in addition to any judgment awarded to [plaintiff, the Court shall] allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Here, Plaintiff requests an award of $2,980 in attorneys' fees and $600 in costs. (ECF No. 45 at 7).

#### 1. Reasonable Attorney's Fees

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's

services.  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also Padurjan v. Aventura Limousine & Transp. Serv., Inc.*, 441 F. App'x 684, 686 (11th Cir. 2011) (affirming the use of the lodestar method when evaluating an FLSA settlement and plaintiff's request for attorney's fees).  Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay.  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299).  The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'"  *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1303)).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."  *Id.* at 428; *see also Padurjan*, 441 F. App'x at 686 (affirming the District Court's use of "independent judgment" when assessing counsel's reasonable rate). Finally, courts need not become "green-eyeshade accountants."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).  Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection."  *Id.*

Here, Plaintiff seeks attorney's fees for 4.5 hours expended by attorney Anthony M. Georges-Pierre (at $400/hr) and 4 hours expended by attorney Max L. Horowitz (at $300/hr). (ECF No. 45 at 3-4).  According to the Florida Bar, attorney Georges-Pierre has been practicing law for approximately 20 years.  *See* https://www.floridabar.org/directories/find-mbr/profile/?num=533637 (last visited Feb. 10, 2021).  Attorney Georges-Pierre is the founding partner of the firm Remer & Georges-Pierre, PLLC, and has extensive litigation experience.  (ECF No. 45 at 4-5).  Attorney Horowitz is a senior associate at the same firm and has been practicing

law for approximately six years. (ECF No. 45 at 5). Attorney Horowitz has handled approximately 138 cases in federal court and many more in state court. (ECF No. 45 at 5).

In support of Plaintiff's counsel's request for attorney's fees, Plaintiff filed a Notice of Previously Awarded Fees and Costs listing cases in which counsel have received the same hourly rates as requested in the instant case. (ECF No. 46). Notably, a review of many of those cases reveals that they involved court approval of an FLSA *settlement* where attorneys' fees and costs were amicably resolved. Thus, the cases are distinguishable from the instant default judgment and unpersuasive in seeking the higher hourly rates. *See, e.g., Snyder v. A1 Prop. Pres., Inc.*, No. 8:12-CIV-2014-T-17, 2013 WL 3155058, at *2 (M.D. Fla. June 19, 2013) (noting that "uncontested awards are not convincing evidence of reasonable market rates") (citations and quotations omitted). Indeed, those cases did not require the Court to conduct a lodestar analysis to determine counsel's hourly rates. The undersigned also notes that courts in this District usually reserve awarding the higher hourly rates sought by Plaintiff for attorneys with many more years of experience. *See, e.g., Alexandre v. Millenia Housing Mngm't Ltd.*, No. 9:19-CV-80612-RKA (S.D. Fla. Mar. 4, 2020) (ECF No. 62) (recommending award of $400/hr to attorney with 39 years of experience); *Garcia v. Pajeoly Corp.*, No. 18-23399-CIV, 2020 WL 764127, at *4 (S.D. Fla. Jan. 10, 2020), *report and recommendation adopted*, No. 18-CV-23399-CIV, 2020 WL 764035 (S.D. Fla. Jan. 31, 2020) (awarding hourly rates of $375 and $325 to attorneys with approximately 25 and 10 years of experience, respectively); *see also Caruso v. Titan List & Mailing Servs., Inc.*, No. 17-62160-CIV, 2018 WL 5620279, at *1 (S.D. Fla. Oct. 30, 2018) (granting $395/hr to attorney with 19 years of experience); *Salinas v. Ramsey*, No. 03-22046-CIV, 2018 WL 6807341, at *2 (S.D. Fla. Sept. 26, 2018), *report and recommendation adopted*, No. 03-22046-CIV, 2018 WL 6807313 (S.D. Fla. Oct. 31, 2018) (recommending $375/hr for attorney with approximately

20 years of experience). Moreover, although the attorneys representing Plaintiff have substantial legal experience, the skills needed in this case fall within the usual realm of a labor law practice and do not warrant a higher hourly rate. Lastly, the Court is "deemed an expert on the issue of hourly rates in this community and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Fiedler v. Anglin's Beach Café, LLC*, No. 15-60989, 2017 U.S. Dist. LEXIS 189449, 2017 WL 1278632, at *1 (S.D. Fla. April 3, 2017) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

Accordingly, based on their experience, qualifications, and the prevailing market rates in South Florida, the undersigned finds that $350 is a reasonable hourly rate for the work performed by attorney Georges-Pierre, and $250 is a reasonable hourly rate for associate Horowitz.

Nevertheless, the undersigned finds that the number of hours expended are reasonable and should be fully awarded. *See* (ECF No. 45-1 at 1) (containing counsel's billing records). Therefore, based on a reduced hourly rate multiplied by the hours expended, Plaintiff should be awarded $2,575 in reasonable attorneys' fees. This amount is based on: (i) $350 x 4.5 hours for attorney Georges-Pierre (i.e., $1,575); and (ii) $250 x 4 hours for attorney Horowitz (i.e., $1,000).

### 2. Costs under the FLSA

As noted above, as the prevailing party by default judgment, Plaintiff is entitled to an award of costs under the FLSA. *See* 29 U.S.C. § 216(b) ("in addition to any judgment awarded to [plaintiff, the Court shall] allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Here, Plaintiff seeks $600 for the following costs: filing fees ($400), research ($50), postage ($50), and service of process ($100). (ECF Nos. 45 at 6, 45-1 at 1, 45-2, 45-3).

Based on the record before the Court, the undersigned finds that Plaintiff should recover the full $600 in costs.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends that:

(i) Plaintiff's Amended Motion for Default Final Judgment (ECF No. 44) be **GRANTED**. Plaintiff should be awarded damages against Defendants Osco Food Services, LLC and Marcos Bertorello, jointly and severally, in the amount of $20,512.76; and

(ii) Plaintiff's Amended Verified Motion for Attorneys' Fees and to Tax Costs Pursuant to Local Rule 7.3 (ECF No. 45) be **GRANTED IN PART**. Plaintiff should be awarded $2,575 in reasonable attorney's fees, and $600 in costs;

(iii) In sum, the Court should enter final judgment against Defendants and in favor of Plaintiff totaling $23,687.76.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida on February 10, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
    All Counsel of Record