UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61358-CIV-SMITH

SEBASTIAN CRISTIAN TISSONE,

      Plaintiff,

vs.

OSCO FOOD SERVICES, LLC and
MARCO BERTORELLO,

      Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION TO DISTRICT JUDGE

This matter comes before the Court upon the Report and Recommendation to the District Judge [DE 53] (the "Report") and Plaintiff's Limited Objection to Report and Recommendation to District Judge [DE 54] (the "Objection"). In her Report, Magistrate Judge Valle recommends granting Plaintiff's Amended Motion for Default Final Judgment [DE 44] and granting in part Plaintiff's Amended Verified Motion for Attorneys' Fees and to Tax Costs Pursuant to Local Rule 7.3 [DE 45]. Plaintiff filed his limited objections, contending that Magistrate Judge Valle erred in determining the reasonable hourly rate for the work performed by attorneys Anthony M. Georges-Pierre and Max L. Horowitz. For the reasons stated below, the Report is affirmed and adopted.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need

not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). A court, in its discretion, need not consider arguments that were not in the first instance presented to the magistrate judge. *Calderon v. Springs Landscape & Maint., Inc.*, Civ. A. No. 17-22869-CIV-Scola, 2018 WL 6444227, at *2 (S.D. Fla. Dec. 10, 2018) (citing Local Mag. J. R. 4(b)).

In her Report, Magistrate Judge Valle concludes that Plaintiff's Amended Motion for Default Judgment be granted and thus, Plaintiff shall be awarded damages against Defendants, Osco Food Services, LLC and Marcos Bertorello, jointly and severally in the amount of $20,512.76. Additionally, Magistrate Judge Valle recommends an award of $2,575 in attorneys' fees and $600 in damages, for a total of $23,687.76, in favor of Plaintiff. In reaching her conclusion pertaining to the award of attorneys' fees, Magistrate Judge Valle conducted a lodestar analysis, finding that the reasonable hourly rate for the work performed by attorneys Anthony M. Georges-Pierre and Max L. Horowitz to be $350/hour and $250/hour, respectively.

Plaintiff objects to the Magistrate Judge's finding, contending that Magistrate Judge Valle erred in finding the reasonable hourly rates for Attorney Georges-Pierre and Attorney Horowitz to be $350/hour and $250/hour, respectively. Specifically, Plaintiff contends that the legal authority relied on by Magistrate Judge Valle is distinguishable to this case because the hourly rate here is uncontested. Secondly, Plaintiff contends that Magistrate Judge Valle erred in relying on legal authority applying a lower attorneys' fee rate to prevailing parties in cases where the parties

reached a settlement because the instant case ended in default judgment against the Defendants. These arguments are unavailing.  The undersigned is unconvinced that Magistrate Judge Valle's conclusion was made in error based on the legal authority relied upon.  Additionally, there are cases within our district where a court determined that a lower hourly rate was reasonable in similar cases ending in default judgment.  *See Capdevila v. S. Miami Rehab., Inc.*, Case No 11-24005-CIV-MOORE/TORRES, Paperless Order Adopting Report and Recommendation [DE 40].  In *Capdevila v. South Miami Rehabilitation, Inc.*, the plaintiff's attorneys requested higher hourly rates in their application for attorneys' fees, but the court found lower rates to be more reasonable based on the minimal litigation that had occurred, ending in default judgment.  This case is no different.

Plaintiff also contends that a full analysis applying the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974), is necessary in determining the appropriate attorneys' fees to be awarded.  "While the calculation of the lodestar is a necessary component of the fee inquiry, it is not the only component.  As an alternative or in addition to adjusting the number of hours used to calculate the lodestar, the Court may apply an after-the-fact reduction of the lodestar where the plaintiff achieved only partial or limited success . . . ." *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1313 (S.D. Fla. 2009).  The twelve *Johnson* factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the

client; and (12) awards in similar cases. *Id.*

Here, the undersigned finds that in calculating the lodestar amount, the Magistrate Judge did consider several of these factors in arriving at the prevailing market rate, as laid out in her Report. Thus, any contention that she erred in considering such factors is unavailing.

Accordingly, it is

**ORDERED** that:

1. The Report and Recommendation to District Judge [DE 53] is **AFFIRMED AND ADOPTED.**

2. Plaintiff's Amended Motion for Default Final Judgment [DE 44] is **GRANTED**. Final judgment shall be **ENTERED** against Defendants Osco Food Services, LLC and Marcos Bertorello and in favor of Plaintiff, Sebastian Cristian Tissone. A separate order will be entered pursuant to Federal Rule of Civil Procedure 58.

   a. Plaintiff shall be awarded damages against Defendants Osco Food Services, LLC and Marcos Bertorello, jointly and severally, in the amount of $20,512.76;

3. Plaintiff's Amended Verified Motion for Attorneys' Fees and to Tax Costs Pursuant to Local Rule 7.3 [DE 45] is **GRANTED IN PART**:

   a. Plaintiff shall be awarded $2,575 in reasonable attorneys' fees and $600 in costs.

4. This matter is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 9th day of March 2021.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: All parties of record